IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PAUL JEROD LESTER,**

    **Petitioner**

    v.

**JAY FORSHEY, Warden,**
**Noble Correctional Institution,**

    **Respondent.**

Case No. 2:21-cv-5132
District Judge James L. Graham
Magistrate Judge Elizabeth A. Preston Deavers

## REPORT AND RECOMMENDATION

Petitioner Paul Jerod Lester, represented by counsel, has filed a habeas corpus petition under 28 U.S.C. § 2254 (Petition, ECF No. 1.) The Respondent Warden has filed the State Court Record (ECF No. 6) and a Motion to Dismiss or in the Alternative to Make More Definite and Certain ("Motion," ECF No. 7.) Petitioner has filed a memorandum *contra* (ECF No. 11), but the Warden has not filed a Reply, and the time for doing so under S.D. Ohio L.R. 7.2(b)(2) has passed. The case is before the undersigned pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to Magistrate Judges. For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**.

**I.**    **Factual Background and Procedural History**

The underlying facts are set forth in *State v. Lester*, 3d Dist. Union Nos. 14-18-21, 14-18-22, 2020-Ohio-2988 (May 18, 2020), and are not in dispute:

> {¶2} This case stems from a series of drug-related events involving Lester in Union County, Ohio, that took place at a hotel in Marysville on August 17, 2017 and on December 1, 2017 through January 11, 2018 at a residence in Raymond, Ohio.
>
> {¶3} On March 1, 2018, the Union County Grand Jury indicted Lester on eight counts regarding the Raymond residence, including: Count One, trafficking in heroin in violation of R.C. 2925.03(A)(1), (C)(6)(a), a fifth-degree felony; Count Two, trafficking in cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(a), a fifth-

degree felony; Count Three, possession of cocaine in violation of R.C. 2925.11(A)(1), (C)(4)(a), a fifth-degree felony; Count Four, aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(c), a third-degree felony; Count Five, aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(b), a third-degree felony; Count Six, illegal manufacture of drugs in violation of R.C. 2925.04(A), (C)(2), a second-degree felony; Count Seven, having weapons while under disability in violation of R.C. 2923.13(A)(3), (B), a third-degree felony; and Count Eight, engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), (B)(1). (Case No. 2018-CR-0012, Doc. No. 2). The indictment included forfeiture specifications as to Counts One, Two, Four, and Eight. (*Id.*). On March 7, 2018, Lester appeared for arraignment and entered pleas of not guilty. (Case No. 2018-CR-0012, Doc. No. 7).

{¶4} Thereafter, on March 19, 2018, the Union County Grand Jury indicted Lester on four criminal charges involving the Marysville hotel in a separate indictment: Count One, trafficking in heroin in violation of R.C. 2925.03(A)(1), (C)(6)(a), a fifth-degree felony; Count Two, trafficking in cocaine in violation of R.C. 2925.03(A)(2), (C)(4)(a), a fifth-degree felony; Count Three, possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(a), fifth-degree felony; and Count Four, tampering with evidence in violation of R.C. 2921.12(A)(1), (B), a third-degree felony. (Case No. 2018-CR-0061, Doc. No. 1). The indictment included a forfeiture specification as to Count Three. (*Id.*). On March 22, 2018, Lester appeared for arraignment and entered pleas of not guilty to this indictment. (Case No. 2018-CR-0061, Doc. No. 6). Both indictments were joined and set for trial.

{¶5} On June 6, 2018, Lester filed his objection to joinder of his cases for trial and requested the indictments be tried separately. (Case No. 2018-CR-0012, Doc. No. 36); (Case No. 2018-CR-0061, Doc. No. 26). On August 21, 2018, the State filed its memorandum in opposition to Lester's objection to joinder together with its notice of intent to use "other-acts" evidence under Evid.R. 404(B) and R.C. 2945.59 as to the indictments. (Case No. 2018-CR-0012, Doc. No. 66); (Case No. 2018-CR-0061, Doc. No. 45). Ultimately, the trial court denied Lester's motions objecting to joinder. (Case No. 2018-CR-0012, Doc. No. 101); (Case No. 2018-CR-0061, Doc. No. 61).

{¶6} Lester's case proceeded to a jury trial and he was found guilty of all counts in case number 2018-CR-0012, and of all counts in case number 2018-CR-0061. (Case No. 2018-CR-0012, Doc. Nos. 113, 114, 115, 116, 117, 118, 119, 120, 121); (Case No. 2018-CR-0061, Doc. Nos. 72, 73, 74, 75). Further, the jury found that the currency and property identified in the specifications in case number 2018-CR-0012 and of the currency identified in the specification in case number 2018-CR-0061 were subject to forfeiture. (Case No. 2018-CR-0012, Doc. Nos. 113, 114, 116, 120); (Case No. 2018-CR-0061, Doc. No. 74).

2

{¶7} On November 2, 2018, the trial court sentenced Lester. (Case No. 2018-CR-0012, Doc. No. 121). In case number 2018-CR-0012 the trial court sentenced Lester to prison for a mandatory term of 7 years on Count Six, 11 months each on Counts One, Two, and Three, 30 months on Counts Five and Seven, and 1 year on Count Eight. (*Id.*). The terms were ordered to be served consecutively for an aggregate sentence of 24 years and 9 months, 7 years of which being mandatory. (Nov. 2, 2018 Tr. at 145); (Case No. 2018-CR-0012, Doc. No. 121). In case number 2018-CR-0061, the trial court sentenced Lester to 11 months each on Counts One, Two and Three, and 30 months on Count Four. (Case No. 2018-CR-0061, Doc. No. 76). The terms imposed were ordered to be served consecutively for an aggregate sentence of 5 years and 3 months. (Nov. 2, 2018 Tr. at 150); (Case No. 2018-CR-0061, Doc. No. 76). The trial court further ordered that Lester serve the sentence in case number 2018-CR-0061 consecutively to the sentence imposed in case number 2018-CR-0012 for a total sentence of 30 years in prison. (Case No. 2018-CR-0061, Doc. No. 76).

*Lester*, 2020-Ohio-2988.

Petitioner, represented by counsel, filed a direct appeal with the Third District Court of Appeals, raising the following Assignments of Error:

1. The trial court committed reversible error in granting the state's motion to join the two indictments.

2. The trial court erred in permitting the state to introduce evidence pursuant to Evid.R. 404(B) that was not relevant and whose prejudicial value substantially outweighed any probative value.

3. The trial court erred in permitting the state to introduce prejudicial evidence of bad acts committed by other individuals, depriving defendant of substantial constitutional rights.

4. The state engaged in prosecutorial misconduct throughout the course of the trial that deprived the defendant of his right to a fair trial.

5. Defense counsel's failure to renew his motion as to the improper joinder of the two indictments and failure to stipulate to defendant's prior conviction in a timely fashion or bifurcate the count, rendered counsel's performance deficient to the point of being ineffective.

6. The cumulative effect of this multitude of errors in this case deprived defendant of his constitutionally guaranteed right to a fair trial.

7. Defendant's conviction was against the manifest weight of the evidence.

3

      8. The state failed to present sufficient evidence to sustain a conviction.

*Lester*, 2020-Ohio-2988, at ¶ 8.  The Third District rejected all eight assignments and affirmed Petitioner's convictions and sentence.  *Id*. at ¶ 85.  Petitioner appealed to the Supreme Court of Ohio, raising the following Propositions of Law:

> 1. A defendant should not be subject to a joinder of cases, over objection, where the cases are so complicated that the jury becomes confused as evidenced by their questions even if trial counsel fails to renew the objection at the close of evidence.
>
> 2. A defendant's constitutional rights are fundamentally violated on due process and confrontation grounds where irrelevant, unnoticed, evidence of bad acts purportedly committed by witness and not just of the Defendant are admitted at trial.
>
> 3. A defendant is deprived of constitutionally guaranteed rights where the State engages in prosecutorial misconduct by threatening witnesses, vouching for credibility, commenting on facts not in evidence, garnering sympathy for witnesses, and commenting on the defendant's guilt.

(State Court Record, ECF No. 6, PageID 305.)  The Supreme Court of Ohio declined to accept jurisdiction.  *State v. Lester*, 159 Ohio St. 3d 1489, 2020-Ohio-4232, *reconsideration denied at* 160 Ohio St. 3d 1441, 2020-Ohio-4983.

      On October 27, 2021, Petitioner, represented by counsel, filed his Petition, raising the following claims:

> 1. Rights to due process and effective representation are violated where trial counsel fails to object to the joinder of two unrealted [*sic*] and prejudicial indictments.
>
> 2. The rights to due process and confrontation are violated where irrelevant, unnoticed evidence is admitted.
>
> 3. Prosecutorial misconduct resulted in a violation of Petitioner's due process rights.

(Petition, ECF No. 1, PageID 5, 7, 8.)

### II. Motion

On April 19, 2022, the Warden filed the instant Motion. Therein, he claims that the Petition failed to comply with Rule 2(c) of the Rules Governing Section 2254 Cases ("Habeas Rules"), arguing that "the attorney representing Lester . . . has adopted a form of notice pleading inconsistent with federal practice in this setting." (ECF No. 7, PageID 411.) The Warden argues that Petitioner has failed to meet the standard for pleading set out in Habeas Rule 2(c), as the "petition is replete with generalities." (Motion, ECF No. 7, PageID 412-13, quoting Petition, ECF No. 1-2, PageID 22-30, ¶¶ 22-25, 37-40, 67-71.) The Warden argues that the lack of specificity in the Petition raises the risk that Petitioner will bring up new facts or issues for the first time in his Traverse, which is verboten. (*Id*. at PageID 414, citing *Tyler v. Mitchell,* 416 F.3d 500, 504 (6th Cir. 2005).) Yet, the Warden concedes that dismissal would be an extreme remedy, as any amended petition would be barred by the statute of limitations. (*Id*., citing 28 U.S.C. § 2244(d)(1); *Duncan v. Walker,* 533 U.S. 167, 181 (2001).) Rather, under Habeas Rule 2(c), a respondent may seek a more definite statement under the same strictures as Federal Rule of Civil Procedure 12(e).[1] (*Id*. citing *Ivy v. Norman,* No. 4:13-cv-1283, 2013 U.S. Dist. LEXIS 145090, *1-2 (E.D. Mo. Oct. 8, 2013).)

### III. Legal Standards

The form of petitions for habeas corpus are governed by Rule 2(c), which provides:

(c) Form. The petition must:

(1) specify all the grounds for relief available to the petitioner;

---

[1] Habeas Rule 12 provides that "[t]he Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

The pleading standards are stricter than those for a regular civil lawsuit, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Mere legal conclusions masquerading as factual allegations will not suffice. "To comply with Habeas Rule 2(c), a petitioner must give sufficiently detailed facts to enable the court to determine 'from the face of the petition alone' whether the petition merits further review. Failing to provide factual context in support of legal conclusions warrants dismissal of a habeas petition." *Carter v. Schweitzer*, No. 3:19-cv-240, 2022 WL 396736, *10 (N.D. Ohio Jan. 3, 2022), *report and recommendation adopted, habeas petition dismissed at* 2022 WL 393923 (N.D. Ohio Feb. 9, 2022), quoting *Smith v. Haskins,* 421 F.2d. 1297, 1298 (6th Cir. 1970) (*per curiam*); citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990); *Gray v. Wingo*, 391 F.2d 268 (6th Cir. 1967). Nonetheless, strict specificity akin to the particularity standards for claims of fraud or mistake, set out in Federal Rule of Civil Procedure 9(b), is not required.

IV. **Analysis**

A. **Claim One**

In Claim One, Petitioner argues that his "[r]ights to due process and effective representation of counsel [we]re violated where trial counsel fail[ed] to properly object to the improper joinder of two unre[la]ted and prejudicial indictments." (Petition, ECF No. 1, PageID

6

5.) The Warden claims that Petitioner "fails to identify a single witness or specific evidence that would provide an arguable basis for prejudice in the sense used by the Ohio Court of Appeals under the AEDPA[2] or under the *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] standard generally." (Motion, ECF No. 7, PageID 416, citing *Lester*, 2020-Ohio-2988, ¶ 64.) "A further complication that can only be suggested at this stage and has not been fully argued is that defense counsel did, in fact, object to severance and lost." (Motion, ECF No. 7, PageID 416, citing State Court Record, ECF No. 6, PageID 67, 70.)

Yet, the Warden does not argue that defense counsel's previous objection to severance defeats the claim in its entirety; nor could he reasonably do so. More importantly, the Warden overstates the Petitioner's burden at this initial stage. The Warden cites to no case law, and the Court is unaware of any, suggesting that Habeas Rule 2(c) requires the identification of specific evidence or witnesses in the petition. Rather, all that is required is specific facts in support of the general claim of ineffective assistance. Petitioner has met that burden. Petitioner alleges why counsel was ineffective: failing to renew his objection as to the joinder of the indictments at the close of the case, thus waiving all but plain error on appeal (Petition, ECF No. 1-2, PageID 21, ¶¶ 12-14.) He also explained the prejudice: that the joinder caused so much confusion among the jurors that the trial judge was forced to interject to explain; and that two cases with little to no factual overlap were tried together, making conviction on both indictments more likely and the trial unfair. (*Id*. at PageID 22, 23, ¶¶ 23-24, 26-29.) This is more than enough information for the claim to proceed and the Warden to respond fairly to the gravamen. Thus, the Motion should be denied as to Claim One.

---

[2] Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214.

B.     **Claim Two**

In Claim Two, Petitioner argues that his "rights to due process [we]re violated where irrelevant, unnoticed evidence [wa]s admitted with the intention to prejudice the jury." (Petition, ECF No. 1, PageID 7.)  The Warden argues that Claim Two is actually two or three claims in one—Confrontation Clause, Due Process, and improper evidence—all of which must be untangled before he can meaningfully respond to the Petition (Motion, ECF No. 7, PageID 417.)  Further, the Warden claims, each of the purported sub-claims is inadequate.  As to the Confrontation Clause, the Warden argues that Petitioner does not identify any witness or circumstances in which such a violation occurred.  "Confrontation was not raised in the Ohio Court of Appeals[,] although assignments of error II and III argued trial court error in admitting evidence generally." (*Id*., citing *Lester*, 2020-Ohio-2988, ¶¶ 36-58.)  As to the inadequate evidence, the state court was asked to rule whether lack of notice on evidence violated Ohio R.Evid. 404, and the state court ruled that it did not.  "If this case presents an egregious example rising to the level of a due process violation, Lester may want to address the issue of 'unnoticed evidence' in that way. In any event, the issue needs to be separated from the other aspects of the claim." (*Id*. at PageID 418, citing *Lester*, 2020-Ohio-2988, ¶¶ 48-52.)  "[T]he legal classifications in the claim as to due process, on the one hand, and confrontation, on the other, must be clearly articulated." (Motion, ECF No. 7, PageID 418.)

Petitioner concedes that he raises both Confrontation Clause and Due Process claims (Memo. in Opp., ECF No. 11, PageID 837.)  Nonetheless, he argues that he has pled sufficient facts in support of Claim Two. (*Id*. at PageID 837-39, citing Petition, ECF No. 1-2, PageID 24-26, 27, ¶¶ 41-43, 45-50, 58.)  Specifically, "Petitioner lays out that his claim is based upon specific facts surrounding the inclusion of entirely improper other acts evidence ranging from

child endangering to other people doing drugs." (*Id*.) Petitioner claims that "[t]hese facts are specific enough to direct Respondent where to look in the record, which includes the very record that it filed." (*Id*.)

Indeed, there is nothing in the Habeas Rules prohibiting a petitioner from raising Confrontation Clause and Due Process claims within the same enumerated claim. Moreover, the portions of the Petition cited by Petitioner show specific references to alleged wrongdoing that, taken together, add up to plausible claims under both the Confrontation and Due Process Clauses and alert the Warden to where to look in the record he filed. Specifically, the Petition references "[a]llegations of other drug transactions, committed outside of the indicted timeframe and even outside of the indicted jurisdiction[,]" and "the introduction of allegations related to unindicted fentanyl, witness tampering, and a shooting." (Petition, ECF No. 1-2, PageID 26, ¶¶ 49-50.) This is sufficient for the Court to determine that the claim should proceed and for the Warden to respond to it fairly. As the Petitioner notes (Memo. in Opp., ECF No. 11, PageID 839), more specificity is not only unnecessary, but exceedingly difficult—Petitioner could not make particular reference to a state court record that had not yet been filed. While the Warden argues that "[e]videntiary questions are almost never a basis for federal habeas relief[,]" (Motion, ECF No. 7, PageID 418), that goes to the merits of the claim, which are not tested at the motion to dismiss stage. The Warden's Motion should be denied as to Claim Two.

  **C.** **Claim Three**

In Claim Three, Petitioner claims that "[p]rosecutorial misconduct resulted in a violation of Petitioner's due process rights." (Petition, ECF No. 1-2, PageID 8.) The Warden argues that "[t]he claim . . . describes 'theatrics' and vouching for witnesses and threatening witnesses and using irrelevant evidence to inflame the jury without naming any witness at all." (Motion, ECF

No. 7, PageID 418.) "At a minimum, to permit effective review, Lester should document in the record the distinct instances of vouching and threatening witnesses and which witnesses, who are never named, and who was threatened and how." (*Id*. at PageID 418-19.) Petitioner "further argues misconduct in argument, a distinct species of misconduct, without citing any record page for the allegation and without setting out the argument complained of and whether the argument was isolated or not and how it was misconduct." (Motion, ECF No. 7, PageID 419, quoting Petition, ECF No. 1, PageID 29-30, ¶¶ 78-80.)

The Warden again overstates Petitioner's burden at this stage, and indeed, attempts to impose an extreme burden—Petitioner could not have possibly cited to a "record page" of a record that had not yet been filed. And as Petitioner correctly argues, he set forth specific facts regarding alleged prosecutorial malfeasance (Memo. in Opp., ECF No. 11, PageID 839-41, citing Petition, ECF No. 1-2, PageID 27-30, ¶¶ 62-63, 65-67, 69-79.) Therein, Petitioner alleges improper conduct during closing argument with respect to a particular witness, and that a prosecution witness was improperly treated as hostile by the prosecution (Petition, ECF No. 1-2, PageID 28, 29, ¶¶ 69-70, 73.) While it may have been helpful to the Warden for Petitioner to identify those witnesses by name, doing so is not necessary to avoid dismissal or providing a more definite statement, and the Warden cites to no caselaw suggesting such specificity is required. Rather, Petitioner has set forth enough facts to allow the undersigned to conclude that a substantial federal claim has been raised. Habeas Rule 2(c); *McFarland*, 512 U.S. at 856. Thus, the Warden's Motion should be denied as to Claim Three.

## V. Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that: the Warden's Motion to Dismiss or in the Alternative to Make More Definite and Certain (ECF No. 7) be

**DENIED**; the Petition (ECF No. 1) remain pending before this Court; and that the Warden be ordered to file a Response to the Petition.

### PROCEDURE ON OBJECTIONS TO REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: **July 15, 2022**　　　　　　　　　　s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**