IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Jerrod Lester**,

    Petitioner,

v.

**Jay Forshey, Warden**,

    Respondent.

Case No: 2:21-cv-5132

Judge Graham

Magistrate Judge Deavers

**OPINION AND ORDER**

Petitioner, a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In response, the Warden submitted a Motion to Dismiss or in the Alternative Make More Definite and Certain. (Motion, ECF No. 7.) This matter is before the court on the Magistrate Judge's July 15, 2022 Report and Recommendation (ECF No. 12) recommending this Court deny the Motion. The Respondent submitted timely objections to the Report and Recommendation. (ECF No. 13.) For the following reasons, the objections are overruled, the Report and Recommendation is adopted, and the Motion is denied.

I.

The underlying facts and procedural history are not in dispute, and that portion of the Report and Recommendation is incorporated by reference into this Opinion and Order. (*See* ECF No. 12 at PAGEID 844-47.) Briefly, Petitioner was convicted in the Union County Court of Common Pleas on several counts[1] across two indictments. Petitioner filed a direct appeal with the

---

[1] For his first indictment: (1) trafficking in heroin in violation of Ohio Rev. Code Ann. § 2925.03(A)(1), (C)(6)(a), a fifth-degree felony; (2) trafficking in cocaine in violation of Ohio Rev. Code Ann. § 2925.03(A)(1), (C)(4)(a), a fifth degree felony; (3) possession of cocaine in violation of Ohio Rev. Code Ann. § 2925.11(A)(1), (C)(4)(a), a fifth-degree felony; (4) aggravated trafficking in drugs in violation of Ohio Rev. Code Ann. § 2925.03(A)(1), (C)(1)(c), a third-degree felony; (5) aggravated possession of drugs in violation of Ohio Rev. Code Ann. § 2925.11(A), (C)(1)(b), a third-degree felony; (6) illegal manufacture of drugs in violation of Ohio Rev. Code Ann. § 2925.04(A), (C)(2), a second-degree felony; (7) having weapons while under disability in violation of Ohio Rev. Code Ann. § 2923.13(A)(3), (B), a third-degree felony; and (8) engaging in a pattern of corrupt activity in violation of Ohio Rev. Code Ann. § 2923.32(A)(1), (B)(1). For his second indictment: (1) trafficking in heroin in violation of Ohio Rev. Code Ann. § 2925.03(A)(1), (C)(6)(a), a fifth-degree felony; (2) trafficking in cocaine in violation of Ohio Rev. Code Ann. § 2925.03(A)(2), (C)(4)(a), a fifth-degree felony; (3) possession of cocaine in violation of Ohio Rev. Code Ann. § 2925.11(A), (C)(4)(a), fifth-degree felony; and (4) tampering with evidence in violation of Ohio Rev. Code Ann. § 2921.12(A)(1), (B), a third-degree felony. *See State v. Lester*, 3d Dist. Union Nos. 14-18-21, 14-18-22, 2020-Ohio-2988 (May 18, 2020).

Third District Court of Appeals, which rejected his assignments of error and affirmed his convictions. The Supreme Court of Ohio declined to accept jurisdiction.

Petitioner then filed this Petition in federal district court. Petitioner raises three claims: (1) his rights to due process and effective representation were violated because trial counsel failed to object to the joinder of two unrelated and prejudicial indictments; (2) his rights to due process and confrontation were violated because the state court admitted irrelevant, unnoticed evidence; and (3) prosecutorial misconduct resulted in a violation of Petitioner's due process rights. (Petition, ECF No. 1 at PAGEID 5, 7, 8.)

In response to the Petition, Respondent moved to dismiss or for a more definite statement. In the Motion, Respondent asks the Court to hold that the petition does not conform to Rule 2(c) of the Rules Governing Section 2254 Cases (hereinafter "Habeas Rules") and require Petitioner to plead more specific facts. Respondent alleges the petition does not allow the Warden to respond because it "suffers at times from excessive generality that is not permitted in federal habeas review" per Habeas Rule 2(c). (ECF No. 7 at PAGEID 411.) As a last resort, Respondent's motion asks the Court to dismiss the case for lack of specificity, but he admits that dismissal of the Petition would be an extreme remedy.

II.

When a prisoner files a habeas petition in federal court, the court clerk forwards the petition to a judge, who examines the petition. The assigned judge reviews the petition to ensure that it does not "plainly appear[] from the petition and any attached exhibits that the Petitioner is not entitled to relief in the district court." Habeas Rule 4. If the judge's examination of the petition does not turn up this deficiency, "the judge must order the Respondent to file an answer, motion, or other response within a fixed time, or take other action the judge may order." *Id*.

If a Respondent does not believe that the Petitioner has alleged sufficient facts in the pleadings to allow the Respondent to respond to the habeas petition, the Respondent may file a motion for more definite statement. Habeas petitions are held to the heightened pleading standard of Habeas Rule 2(c) rather than the "short and plain statement" standard of Rule 8 of the Federal Rules of Civil Procedure. Habeas Rule 2(c) requires that a petition "specify all the grounds for relief available" and state the "facts supporting each ground" and the "relief requested." The claims must be "sufficiently factual to permit the Warden to defend and the Court to adjudicate those

claims." *Bays v. Warden, Ohio State Penitentiary*, 2016 U.S. Dist. LEXIS 25103, at *21 (S.D. Ohio Mar. 1, 2016).

III.

The Report and Recommendation concluded that Respondent's Motion should be denied because Petitioner has alleged sufficient facts to satisfy the requirements of Habeas Rule 2(c) for each of Petitioner's three claims.

When there are objections to the Magistrate Judge's Report and Recommendation on a dispositive matter, the District Judge conducts a *de novo* review of the portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The District Judge may accept, reject, or modify the recommended disposition or recommit the matter to the Magistrate Judge with instructions. *Id*.

Respondent's objections focus solely on the Magistrate Judge's recommended denial of the motion for a more definite statement. Specifically, respondent believes that the Magistrate Judge wrongly applied Habeas Rule 4 instead of Habeas Rule 2(c). The Respondent believes that the proceeding is "*post* Rule 4" review and "[a]t this stage of the proceeding there is only one standard of review," which is the standard under Habeas Rule 2(c). (*Id*. at PAGEID 859, emphasis in original.)

Respondent's Motion for a More Definite Statement expressly raises Habeas Rule 2(c) as the pleading standard that the Petition must meet for the Petitioner to plead sufficient facts. As such, in the Report and Recommendation, the magistrate judge applies Rule 2(c) to ensure that Petitioner met his burden at this stage for each claim he presented. In his objections, Respondent submits that the magistrate judge applied a different standard than the one invoked in his motion for a more definite statement.

Respondent's theory is contrary to authority on this issue. The Habeas Rules do not envision a judge undertake several analyses prior to issuing the mandate for response, nor are judges required to explicitly distinguish between the Rule 4 and Rule 2(c) thresholds. In fact, the Supreme Court has spoken on the interplay between Rule 2(c) and Rule 4:

> A prime purpose of Rule 2(c)'s demand that habeas Petitioners **plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted."** § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the Petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

3

*Mayle v. Felix*, 545 U.S. 644, 656 (2005) (emphasis added). Put another way, a central purpose of the Habeas Rule 2(c) pleading standard is to assist judges with Rule 4 review.

As such, Respondent overstates Petitioner's burden at this stage,[2] and the threshold for pleading sufficient facts as required by Habeas Rule 2(c) is much lower than Respondent suggests. The petition does not need to cite law or provide references to the state court record to meet the threshold, "a summary of supporting facts is sufficient." *Carlton v. Warden, London Corr. Inst.*, 2021 U.S. Dist. LEXIS 69819, at *12 (S.D. Ohio Apr. 12, 2021).

Since a "bare-bones habeas petition" meets the requirements of the rule, only severely deficient petitions are dismissed. *Flood v. Phillips*, 90 F. App'x 108, 113-14 (6th Cir. 2004). *See also Stewart v. Buchanan*, 2019 U.S. Dist. LEXIS 86676, at *2 (S.D. Ohio May 23, 2019) ("[H]e has pleaded mere legal conclusions — my lawyer provided ineffective assistance of trial counsel. He has not said what strategy was pursued and what made it unreasonable, nor has he said what concerns he had were not given appropriate attention."); *Acord v. Warden, Lebanon Corr. Inst.*, No. 2:12-CV-355, 2013 U.S. Dist. LEXIS 8400, at *7 (S.D. Ohio Jan. 22, 2013) ("Petitioner generally asserts that he was deprived of a constitutionally fair trial….[t]his Court, however, cannot determine from the face of the petition the precise grounds on which Petitioner now seeks relief."); *Rice v. Warden, Pickaway Corr. Inst.*, 2015 U.S. Dist. LEXIS 120168, at *6 (S.D. Ohio Sep. 9, 2015) ("[P]etitioner has presented claims that are largely, if not completely, unintelligible and incomprehensible.").[3]

As there are not separate Rule 2(c) and Rule 4 pleading standards, Petitioner's claims do not need to be made more definite and certain at this stage. Therefore, the Court incorporates by reference the reasoning in the Report and Recommendation as to why Petitioner's claims survive. (ECF No. 12).

---

[2] For example, on claim three, the Warden proffers that Petitioner should have supported his claim of prosecutorial misconduct by naming the witnesses that Petitioner alleges were threatened by the prosecution during the state court proceedings. (ECF No. 7 at PAGEID 418.) In response to this statement by Respondent, the magistrate points out, "[w]hile it may have been helpful to the Warden for Petitioner to identify those witnesses by name, doing so is not necessary to avoid dismissal or providing a more definite statement, and the Warden cites to no caselaw suggesting such specificity is required." (ECF No. 12 at PAGEID 853.)

[3] Courts in other circuits take a similar approach. *See Adams v. Armontrout*, 897 F.2d 332 (8th Cir. 1990) (petition dismissed when Petitioner stated only "see legal files and transcripts" when the petition form requested supporting facts.); *see also West v. Allen*, 868 F. Supp. 2d 1224, 1272 (N.D. Ala. 2011) ("West failed to come forward with even one piece of mitigating evidence, years after his initial conviction, that his counsel should have presented. The absence of a fully-developed argument necessarily leads this Court to conclude that this claim is conclusory and fails to allege a basis for habeas relief.").

5

For the reasons stated above, the Court overrules the Respondent's objections (ECF No. 13) and adopts the Magistrate Judge's Report and Recommendation (ECF No. 12) denying Respondent's Motion to Dismiss or in the Alternative to Make More Definite and Certain (ECF No. 7). The Petition (ECF No. 1) remains pending before this Court, and the Warden is ordered to file a Response to the Petition.

**IT IS SO ORDERED.**

DATE: March 27, 2023

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge
