IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

PAUL JEROD LESTER,

        Petitioner,    :    Case No. 2:21-cv-5132

 - vs -    District Judge James L. Graham
    Magistrate Judge Michael R. Merz

JAY FORSHEY, Warden,

    :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 22) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition with prejudice (Report, ECF No. 19).  District Judge Graham has recommitted the case under Fed.R.Civ.P. 72(b) for reconsideration in light of the Objections (ECF No. 23).

Lester pleaded three grounds for relief in his Petition.  The Report recommends dismissal of all three, but Lester has objected only as to Ground Three.  This Supplemental Report will therefore be limited to that Ground as possible objections on the other grounds have been waived. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**Ground Three:  Prosecutorial Misconduct**

In his Third Ground for Relief, Lester claims he was denied a fair trial by the pervasive

1

misconduct of the prosecutor including introducing the evidence complained of in Ground Two, eliciting a "wide array of improper testimony," making improper comments on credibility, and threatening and improperly impeaching a witness. The Report recommends dismissing Ground Three upon concluding the Ohio Third District Court of Appeals' decision on the merits of this claim was neither contrary to nor and objectively unreasonable application of clearly established Supreme Court precedent (Report, ECF No. 19, PageID 1404-10). In particular, the Report concluded "Lester does not cite any conduct of the prosecutor which he then compares with holdings of the Supreme Court that such conduct is improper." *Id.* at PageID 1410.

Lester objects, but again relies on generalities. Twice in his Objections he asserts the prosecutor's actions "violated well-established precedent." (ECF No. 22, PageID 4171 and 1421). The relevant form of precedent is holdings, not dicta, of the United States Supreme Court and not of a circuit court of appeals.

> We have explained that "'clearly established Federal law' for purposes of §2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." *Woods v. Donald*, 575 U.S. 312 (2015)(per curiam), reversing *Donald v. Rapelje,* 580 Fed. Appx. 277 (6th Cir. 2014) citing *White v. Woodall*, 572 U. S. 415 (2014) (quoting *Metrish v. Lancaster*, 569 U. S. [351, 357], 133 S. Ct. 1781, 1786, 185 L. Ed. 2d 988, 996 (2013)). And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Id*., at ___, 134 S. Ct. 1697, 1702, 188 L. Ed. 2d 698, 704 (same).

*Woods v. Donald*, 575 U.S. 312 (2015)(*per curiam*), reversing *Donald v. Rapelje,* 580 Fed. Appx. 277 (6th Cir. 2014).  Followed in *Virginia v. LeBlanc,* 582 U.S. 91 (2017).

The Supreme Court decisions cited in the Objections include *Berger v. United States*, 295 U.S. 78 (1935), but Mr. Justice Sutherland's opinion is cited, as it very often is, for the general proposition that a prosecutor may strike hard blows but not foul ones. *Id.* at 88. Lester does not compare this case with *Berger* to show what "foul blow" condemned in *Berger* was landed on the

2

Petitioner.

Next cited is *United States v. Young*, 470 U.S. 1 (1985), which quotes the "foul blow" language of *Berger*. Lester cites it as prohibiting "vouching for thee [sic] credibility of witnesses and expressing his personal opinion concerning the guilt of the accused. . ." (Objections, ECF No. 22, PageID 1420). These asserted instances of misconduct are dealt with at ¶ 74 of the Third District's decision. *State v. Lester*, 2020-Ohio-2988 (Ohio App. 3rd Dist. May 18, 2020). That court noted that the alleged misconduct occurred during the prosecutor's closing argument in which precedent allows an attorney a good deal of leeway. *Id.,* citing*, inter alia,* Donnelly v. DeChristoforo, 416 U.S. 637, 647 (1974).

Next the Third District noted that defense counsel had made no objections to any of the prosecutor's comments in closing. *Id.* at ¶ 75. Therefore it limited its review to plain error. *Id.* By imposing that limitation, the Third District was enforcing Ohio's contemporaneous objection rule, thereby imposing a procedural default bar to consideration of misconduct claims relating to the closing argument in habeas corpus.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S.

3

72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).

Respondent raised a procedural default defense in the Return of Writ (ECF No. 16, PageID 895, *et seq*.). Lester responded by citing the generally applicable precedent, *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), but then provided no analysis of its applicability here. Under *Maupin*, a District Court must determine whether the State has an applicable procedural rule, whether that rule was actually enforced and whether the rule is an adequate and independent state procedural rule. *Id.* Ohio has a relevant procedural rule requiring a contemporaneous objection to asserted errors. *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998).

By reviewing Lester's claims only for plain error, the Third District enforced the contemporaneous objection rule. An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001).

Finally, the Sixth Circuit has held Ohio's contemporaneous objection rule is indeed an adequate independent state procedural rule entitled to be honored in habeas. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), citing *Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), citing *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), citing *Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517,

522 (6th Cir.), *cert. denied*, 562 U.S. 876 (2010).

In sum, habeas review of the prosecutor's remarks in closing is barred by defendant's failure to object.

Lester also complained of other alleged prosecutorial misconduct outside of closing argument in his direct appeal. These were also dealt with by the Third District under Assignment of Error Four.

Lester asserted the prosecutor improperly attacked the character of his own witnesses. The Fourth District found this was a mischaracterization of the prosecutor's conduct, that in fact "the testimonies of the witnesses were not impermissible-character attacks, but rather narrations of States Exhibit 65 offered to lay a foundation, assist with authentication, create a timeline, and provide context for the exhibit for the jury. . ." *State v. Lester, supra,* at ¶ 71. Lester offers no argument, either in his Traverse or his Objections, as to how that holding is contrary to or an objectively unreasonable application of Supreme Court precedent.

Lester also asserted the prosecutor improperly harassed and threatened witness Heather Carpenter. She was obviously a very reluctant witness, requiring forceful questioning. The Third District found that the prosecutor had the right to ask her questions about relevant evidence that she probably had. *State v. Lester, supra*, at ¶ 73. Once she invoked her Fifth Amendment privilege, however, she was excused and the trial judge gave an appropriate curative instruction. *Id.* Lester offers no argument, either in his Traverse or his Objections, as to how that holding is contrary to or an objectively unreasonable application of Supreme Court precedent.

Habeas corpus review of Lester's complaints of prosecutorial misconduct are either barred by his procedural default or by his failure to show how the Third District's decision is an objectively unreasonable application of relevant Supreme Court precedent. His Third Ground for

Relief should therefore be dismissed with prejudice.

**Conclusion**

Having reconsidered the case in light of Lester's Objections, the Magistrate Judge again respectfully recommends that is be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 7, 2023.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*  
United States Magistrate Judge