**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**Jerrod Lester**,

            Petitioner,

   v.

**Jay Forshey, Warden**,

            Respondent.

**Case No: 2:21-cv-5132**

Judge Graham

Magistrate Judge Merz

## OPINION AND ORDER

Petitioner, a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on the Magistrate Judge's May 17, 2023 Report and Recommendation (ECF No. 19) recommending this Court dismiss the petition with prejudice. The Respondent submitted timely objections to the Report and Recommendation. (ECF No. 22.) The Magistrate Judge, upon a recommittal order of this Court, submitted a Supplemental Report and Recommendation (ECF No. 24), to which Respondent timely objected. (ECF No. 25.) For the following reasons, the objections are overruled and the Report and Recommendations are adopted.

I.

The underlying facts and procedural history are not in dispute, and that portion of the Report and Recommendation is incorporated by reference into this Opinion and Order. (*See* ECF No. 19 at PAGEID 1382-84.) Briefly, Petitioner was convicted in the Union County Court of Common Pleas on several counts across two indictments related to drug trafficking. Petitioner filed a direct appeal with the Third District Court of Appeals, which rejected his assignments of error and affirmed his convictions. The Supreme Court of Ohio declined to accept jurisdiction.

Petitioner then filed this Petition in federal district court. Petitioner raised three grounds for relief: (1) his rights to due process and effective representation were violated because trial counsel failed to object to the joinder of two unrelated and prejudicial indictments; (2) his rights to due process and confrontation were violated because the state court admitted irrelevant, unnoticed evidence that he was unprepared to dispute; and (3) prosecutorial misconduct resulted in a violation of Petitioner's due process rights. (Petition, ECF No. 1 at PAGEID 5, 7, 8.)

In the Report and Recommendation, the Magistrate Judge treated Petitioner's Ground One as an ineffective assistance of trial counsel claim. Noting the deferential standard under § 2254(d)(1) and *Strickland v. Washington*, 466 U.S. 668 (1984), the Magistrate Judge recommended dismissal of Ground One because Petitioner did not show how the state court's application of *Strickland* was objectively unreasonable. The Magistrate also recommended dismissal of Ground Two because the claim is procedurally defaulted based on Petitioner's failure to present it to the state courts as a federal constitutional issue. Petitioner did not object to these findings and the Court, for the reasons in the Report and Recommendation, **ADOPTS** the Report and Recommendation regarding Ground One and Ground Two.

As for Ground Three, the Magistrate Judge recommended dismissal of the claim because Petitioner "does not cite any conduct of the prosecutor which he then compares with the holdings of the Supreme Court that such conduct is improper" and therefore had not shown that the "Third District's decision is an unreasonable application of the holding of a relevant Supreme Court precedent." (ECF No. 19 at PAGEID 1410.) Petitioner objected to the Magistrate Judge's analysis of Ground Three, arguing that the prosecutor engaged in improper conduct during witness examination and closing argument which prejudiced the jury.

The Magistrate Judge issued a Supplemental Report and Recommendation in which he again recommended dismissal. (ECF No. 24.) He found that with respect to alleged misconduct during witness examination, Petitioner once more failed to show that the state court's application of Supreme Court precedent was unreasonable. With respect to improper remarks made during closing argument, the Magistrate Judge found that the claim could not be reviewed because Petitioner failed to object to the prosecutor's closing remarks at trial, which is an adequate and independent state ground for barring the federal court's review of these instances of prosecutorial misconduct. (ECF No. 24 at PAGEID 1426-1428.) In his objections to the Supplemental Report and recommendation, Petitioner did not object to this finding concerning the closing remarks. Therefore, this Court will only review Ground Three as it relates to alleged misconduct during witness examination.

## II.

When there are objections to the Magistrate Judge's Report and Recommendation on a dispositive matter, the District Judge conducts a *de novo* review of the portions of the Report and Recommendation to which there are objections. 28 U.S.C. § 636(b)(1)(C). The District Judge may

accept, reject, or modify the recommended disposition or recommit the matter to the Magistrate Judge with instructions. *Id*.

The Magistrate Judge aptly explained how this Court evaluates prosecutorial misconduct claims:

> In *Serra v. Michigan Dept of Corrections*, 4 F.3d 1348 (6th Cir. 1993), the Sixth Circuit identified factors to be weighed in considering prosecutorial misconduct claims:
>
> > In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused.
>
> *Id*. at 1355-56, quoting *Angel v. Overberg*, 682 F.2d 605, 608 (6th Cir. 1982)(citation omitted). The misconduct must be so gross as probably to prejudice the defendant. *Prichett v. Pitcher*, 117 F.3d 959, 964 (6th Cir.), cert. denied, 522 U.S. 1001 (1997)(citation omitted); *United States v. Ashworth*, 836 F.2d 260, 267 (6th Cir. 1988). Claims of prosecutorial misconduct are reviewed deferentially on habeas review. *Thompkins v. Berghuis*, 547 F.3d 572 (6th Cir. 2008), rev'd on other grounds, 560 U.S. 370 (2010), citing *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004), cert. denied, 544 U.S. 921 (2005).

(ECF No. 19 at PAGEID 1409.)

Additionally, a writ of habeas corpus on behalf of a person in custody as the result of a state court judgment can only be granted if the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1).

III.

Based on his review of the state court record, the Magistrate Judge held that the Third District decided Petitioner's claim on the merits, meaning that the decision is "entitled to deference unless Lester can show it is contrary to or any [sic] objectively unreasonable application of clearly established Supreme Court precedent." (ECF No. 19 at PAGEID 1409.) The Magistrate Judge held that Petitioner failed to list any of the prosecutor's conduct and compare it to Supreme Court holdings. (*Id*. at PAGEID 1410.)

Petitioner's claims center on the prosecutor's treatment of Heather Carpenter, a witness called who exercised her Fifth Amendment right against self-incrimination during her testimony,

and whom Petitioner alleges the prosecutor badgered and threatened. Petitioner also claims that the prosecution presented evidence from certain witnesses about their history of drug use, in an effort to improperly emphasize the consequences of drug trafficking.

In review of these claims, this Court agrees with the Report and Recommendations that the Petitioner has not demonstrated that the Third District's adjudication of the prosecutorial misconduct claim is "contrary to or involves an unreasonable application of" clearly established Supreme Court precedent. As sufficiently stated by the Magistrate Judge in the Report and Recommendation, a Petitioner must cite specific factual instances within Supreme Court precedent and compare it to the specific statements made by the prosecutor to prove that the Third District's merit-based opinion went against clearly established Supreme Court precedent. While the cited Supreme Court precedent does not need to replicate the factual scenario, "[t]he more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Stermer v. Warren*, 959 F.3d 704, 726 (6th Cir. 2020) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 124 S. Ct. 2140 (2004)).

Petitioner claims that it was improper for the prosecution to call a witness that was uncooperative and ended up exercising her Fifth Amendment rights, and that there was a resulting prejudice because of this conduct. However, it was reasonable for the Third District to reject that argument as meritless. The comments cited by Petitioner do not amount to prosecutorial misconduct because the prosecution is allowed to call witnesses even if they suspect the witness may exercise their Fifth Amendment right against self-incrimination. As such, the Third District did not unreasonably apply clearly established precedent when it found that the comments were not improper. Furthermore, the trial court issued a curative instruction to the jury after the witness chose to exercise her Fifth Amendment right and stop her testimony, and thus any prejudice was cured.

Petitioner also claims that it was improper for the prosecution to introduce testimony regarding drug use of other witnesses and considers this testimony unrelated to the trial. However, it was reasonable for the Third District to reject that argument as meritless. The comments cited by Petitioner do not count as prosecutorial misconduct. The Third District dismissed this ground because it found that the trial court had allowed this testimony to lay a foundation, assist with authentication, create a timeline, and provide context for exhibits to the jury. *State v. Lester*, 2020-Ohio-2988, ¶ 71 (Ohio App. 3rd Dist. May 18, 2020).

Importantly, Petitioner has failed to cite Supreme Court precedent that compares to his alleged prosecutorial misconduct to prove that the Third District abandoned clear Supreme Court precedent, as required by § 2254(d)(1). While he generally cites Supreme Court precedent such as *Berger v. United States*, 295 U.S. 78 (1935) and *United States v. Young*, 470 U.S. 1 (1985) for the proposition that a prosecutor cannot "strike foul blows" or "bully witnesses," he does not detail specific statements made by the prosecutor in his case, nor does he compare the alleged misconduct to a set of facts in clearly established Supreme Court precedent. Therefore, the Third District is entitled to deference, and Petitioner's writ of habeas corpus is **DENIED**.

IV.

For the reasons stated above, the Court overrules the Petitioner's objections (ECF Nos. 22, 25) and adopts the Magistrate Judge's Report and Recommendations (ECF Nos. 19, 24). This petition is **DISMISSED with prejudice**. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith for the reasons stated in the Report and Recommendation. Therefore, the Court declines to issue a certificate of appealability and denies Petitioner leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

*s/ James L. Graham*
JAMES L. GRAHAM
DATE: December 6, 2023                                    United States District Judge